IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARL LEE BLACKMON,
    Petitioner,

vs.                                                Case No.:  3:13cv3/RV/EMT

MICHAEL D. CREWS,
    Respondent.
                                                 /

## **SUPPLEMENT TO REPORT AND RECOMMENDATION**

This cause was remanded to the undersigned by the District Judge for consideration of the Eleventh Circuit's panel order presented to the court for the first time in Petitioner's Objection to the Report and Recommendation issued by the undersigned on March 5, 2013 (*see* docs. 8, 9, 10). Upon consideration of the Eleventh Circuit's panel order, the undersigned concludes the instant habeas petition is still subject to dismissal for lack of jurisdiction.

The Eleventh Circuit's panel order concluded that the claim Petitioner sought to raise in a successive § 2254 petition, which is the same claim he seeks to raise in the instant § 2254 petition, "does not qualify for an exception to the bar against successive petitions," and thus Petitioner's application for leave to file a second or successive petition was denied (doc. 9 at 11–12).[1]

---

[1] The claim Petitioner seeks to raise is a claim of ineffective assistance of trial counsel ("IAC"), based on counsel's failure to preserve the issue of the trial court's post-trial admission of evidence (*see* doc. 1 at 3, 6; *see also* doc. 9 at 10). He contends that during jury deliberations, the trial judge improperly admitted a sexual assault report into evidence at the jury's request because the report had not been authenticated at trial by a doctor or nurse and was not allowed into evidence earlier, but marked for identification only (*id.*). Petitioner asserts the trial judge questioned the propriety of admitting the unauthenticated sexual assault report into evidence (*id.*). Petitioner avers defense counsel told him that if he did not agree to the jury's request, the judge would grant the request regardless, and he did not want to anger the judge (*id.*). Petitioner further contends he was denied a fundamentally fair trial because he had no opportunity to confront and cross-examine the doctor or nurse who made the sexual assault report (*id.*). He asserts the sexual assault report may have been the deciding factor in the jury's verdict (*id.*). Petitioner alleges he was not appointed counsel in the initial collateral review proceeding, which was the proceeding in which his claim was required to be raised under Florida law, and this fact establishes cause for his procedural default of the claim in state court, pursuant to Martinez v. Ryan, 132 S. Ct. 1309 (2012) (*id.*). *See also* Blackmon v. Pippin, No. 3:08cv510/RV/MD (N.D. Fla. June 16, 2011) (doc. 29 at 28–31 & doc. 34, noting that Petitioner was required to raise this IAC claim in the initial collateral review proceeding, and denying relief because the claim was procedurally defaulted).

In dicta, the Eleventh Circuit noted in the panel order that Petitioner was not foreclosed from making a "renewed effort" to overcome the procedural bar to his ineffective assistance of counsel claim in the district court (*id.*). This dicta does not diminish the Eleventh Circuit's express denial of Petitioner's application for leave to file a second or successive petition; it simply supports the Eleventh Circuit's conclusion that Petitioner failed to meet the requirements for filing a second or successive habeas petition, and he must pursue relief through a different vehicle.

For the reasons set forth in the Report and Recommendation previously issued by the undersigned, Petitioner failed to show he obtained the requisite permission from the Eleventh Circuit prior to filing the instant § 2254 petition. This failing operates as a jurisdictional bar that precludes this district court's consideration of the merits of the instant petition. *See* 28 U.S.C. § 2244(b)(3)(A); Fugate v. Dep't of Corrections, 310 F.3d 1287, 1288 (11th Cir. 2002). Therefore, the petition should be dismissed for lack of jurisdiction.

Accordingly, it is respectfully **RECOMMENDED**:

1. That this habeas action be **DISMISSED** for lack of jurisdiction.
2. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 25th day of March 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**
**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**